**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

D.B. and C.P.,

                                Plaintiffs,                    1:20-cv-1195 (BKS/CFH)

v.

MICHAEL MONTANA, JAMIE MURPHY, JOSEPH
AIELLO, RYAN SMITH, JOHN AND JANE 1–5 DOES,
and SCOTT DIEGO,

                                Defendants.

---

**Appearances:**

*For Plaintiffs:*
Vik Pawar
Pawar Law Group P.C.
20 Vesey Street, Suite 1410
New York, NY 10007

*For Defendants Michael Montana, Jamie Murphy, Joseph Aiello, Ryan Smith, and Scott Diego:*
Letitia James
Attorney General for the State of New York
Shannon C. Krasnokutski
Assistant Attorney General, of Counsel
The Capitol
Albany, NY 12224

**Hon. Brenda K. Sannes, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I.    INTRODUCTION

Plaintiffs D.B. and C.P. bring this action asserting various claims against Defendants

Michael Montana, Jamie Murphy, Joseph Aiello, Ryan Smith, and Scott Diego, and five John

and Jane Doe defendants, based upon events that occurred while each Plaintiff was a resident at

the Taberg Residential Center for Girls. (*See* Dkt. No. 33). Presently before the Court is

Defendants' motion pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss all of D.B.'s claims on the ground that the Court does not have supplemental jurisdiction over D.B.'s state-law claims. (Dkt. No. 45). Plaintiffs have opposed the motion, (Dkt. No. 46), and Defendants have responded, (Dkt. No. 48). For the following reasons, Defendants' motion is denied.

## II.    BACKGROUND

The Court assumes familiarity with the facts and procedural history set forth in its Memorandum-Decision and Order on Defendants' motion to dismiss and Plaintiffs' cross-motion to amend. *Doe v. NYS Office of Children & Family Servs.*, No. 20-cv-1195, 2021 WL 2826457, 2021 U.S. Dist. LEXIS 125965 (N.D.N.Y. July 7, 2021). The Court sets forth only a brief summary of the allegations of Plaintiffs' Amended Complaint here.

Taberg Residential Center for Girls is a "limited secure facility," where "juveniles can be placed pursuant to order of" New York Courts. (Dkt. No. 33, ¶ 12). Defendants Montana, Diego, Murphy, Aiello, and Smith were employed by Taberg while Plaintiffs were residents there, as "correctional or security officers, juvenile counselors, [or] mentors." (*Id.* ¶¶ 17–21, 29). Plaintiff D.B. was a "juvenile resident" at Taberg from July 2014 to October 2015, and C.P. was a "juvenile resident" "on various occasions" from January 2014 to October 2018. (*Id.* ¶¶ 24, 26).

Generally, Plaintiffs allege that Montana used his "influence" and "power" to physically and sexually abuse them. (*See id.* ¶¶ 35–64). Montana used "physical restraints," engaged in unprotected sex with Plaintiffs "whenever the opportunity arose," and physically assaulted Plaintiffs. (*See id.*). Plaintiffs further allege that Murphy and Smith sexually and physically assaulted them by, for example, "grab[bing] the plaintiffs in a sexual manner," passing explicit and erotic messages to them, and "unnecessarily brush[ing] up" and grinding against Plaintiffs. (*Id.* ¶¶ 65–72). Finally, Plaintiffs allege that Aiello and Diego used "unnecessary force and restraints" on Plaintiffs. (*Id.* ¶¶ 73–78).

Each Plaintiff originally asserted the following federal claims under 42 U.S.C. § 1983: First Amendment retaliation, Fourteenth Amendment substantive due process, Fourth Amendment unreasonable seizure and excessive force, Fourteenth Amendment equal protection, supervisory liability, and failure to intervene. (*See* Dkt. No. 1). In their cross-motion to amend the complaint, Plaintiffs withdrew their First Amendment retaliation, denial of equal protection, and failure to intervene claims. (Dkt. No. 21-2, at 8). The Court subsequently dismissed D.B.'s Section 1983 Fourteenth Amendment substantive due process and Fourth Amendment unreasonable seizure and excessive force claims as barred by the statute of limitations. *Doe*, 2021 WL 2826457, at *4–8, 2021 U.S. Dist. LEXIS 125965, at *10–20. Following the Court's decision on Defendants' first motion to dismiss and Plaintiffs' cross-motion to amend, the Amended Complaint asserts a Fourteenth Amendment substantive due process claim on behalf of C.P.,[1] and state-law claims for assault and battery, harassment, and intentional and negligent infliction of emotional distress on behalf of both Plaintiffs. (Dkt. No. 33, ¶¶ 79–101).

## III.    DISCUSSION

### A.    Whether the Court Has Supplemental Jurisdiction Over D.B.'s State-Law Claims

The exercise of supplemental jurisdiction is governed by 28 U.S.C. § 1367(a), which provides in relevant part:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

---

[1] Although the Amended Complaint purports to assert a Fourteenth Amendment claim on behalf of both Plaintiffs, Plaintiffs subsequently clarified that the Fourteenth Amendment claim is brought on behalf of C.P. only. (Dkt. Nos. 40, 41).

Claims "form part of the same case or controversy" under Section 1367(a) if they "derive from a common nucleus of operative fact." *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011) (citation omitted).

Defendants argue that, because the Court dismissed all of D.B.'s federal claims, D.B.'s state-law claims must be dismissed because they do not form part of the same "case or controversy" as C.P.'s remaining federal claim and therefore do not satisfy the requirements of Section 1367(a). However, the test is not whether D.B.'s state-law claims derive from a common nucleus of operative fact as C.P.'s Fourteenth Amendment claim. At the outset of this case, the Court had original jurisdiction over D.B.'s federal claims and therefore properly had supplemental jurisdiction over D.B.'s state-law claims under Section 1367(a). *See Doe*, 2021 WL 2826457, at *8 n.8, 2021 U.S. Dist. LEXIS 125965, at *20 n.8 (noting that D.B.'s state-law claims "undoubtedly" arise from the same common nucleus of operative fact as her Section 1983 claims (citing *Montefiore Med. Ctr. v. Teamsters Loc. 272*, 642 F.3d 321, 332 (2d Cir. 2011)). It is well-settled that where a court properly has supplemental jurisdiction over state-law claims, the subsequent dismissal on the merits of the claim over which the court has original jurisdiction does not divest the court of supplemental subject matter jurisdiction over those state-law claims. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 640 (2009) (finding, where it was "undisputed" that the district court had original jurisdiction over a federal RICO claim and supplemental jurisdiction over state-law claims, that "[u]pon dismissal of the federal claim" the district court "retained its statutory supplemental jurisdiction over the state-law claims"); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a court grants a motion to dismiss for failure to state a federal claim, the court generally retains discretion to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over pendent state-law claims."); *Baggett v. First*

*Nat'l Bank of Gainesville*, 117 F.3d 1342, 1352 (11th Cir. 1997) ("When Plaintiffs filed [their]

Complaint, Plaintiffs had a federal question claim against Defendant and Plaintiffs' state law

claims against Defendant were a proper exercise of the Court's supplemental jurisdiction. The

dismissal of Plaintiffs' underlying federal question claim does not deprive the Court of

supplemental jurisdiction over the remaining state law claims." (internal citations omitted));

*Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805–06 (9th Cir. 2001) (same).

  *Cangemi v. United States*, 13 F.4th 115 (2d Cir. 2021), is instructive. There, the district

court's dismissal of the plaintiffs' Section 1983 claims on statute of limitations grounds,

accomplished "by looking solely to the allegations appearing on the face of Plaintiffs' amended

complaint," was "properly treated as one under [Rule] 12(b)(6)." *Id.* at 135. Therefore, the

Second Circuit explained, "there was no *jurisdictional* defect with those initial federal claims,"

and the district court "was not precluded from exercising supplemental jurisdiction over

Plaintiffs' state-law claims." *Id.* (citing *Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 400 (2d

Cir. 2017)). Similarly, here, where the Court had original jurisdiction over D.B.'s Section 1983

claims and supplemental jurisdiction over her state-law claims pursuant to Section 1367(a), the

fact that the Court subsequently dismissed D.B.'s Section 1983 Fourteenth Amendment

substantive due process and Fourth Amendment unreasonable seizure and excessive force claims

as barred by the statute of limitations does not deprive the Court of supplemental jurisdiction

over her state-law claims.

  In sum, the Court concludes that it has supplemental jurisdiction over D.B.'s state-law

claims under Section 1367(a).

**B.      Whether the Court May Decline to Exercise Supplemental Jurisdiction Under Section 1367(c)**

Having determined that it has supplemental jurisdiction over D.B.'s state-law claims, the Court must next determine whether it should, in its discretion, decline to exercise that supplemental jurisdiction pursuant to Section 1367(c). *See Carlsbad Tech.*, 556 U.S. at 640 (noting that a district court's "exercise of its discretion under § 1367(c)" is "purely discretionary and "not a jurisdictional matter"). Where Section 1367(a) is satisfied, "the discretion to decline supplemental jurisdiction is available *only if* founded upon an enumerated category of subsection 1367(c)." *Shahriar*, 659 F.3d at 245 (quoting *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 448 (2d Cir. 1998)). Under Section 1367(c), the Court "may decline to exercise supplemental jurisdiction over a claim" if (1) "the claim raises a novel or complex issue of State law"; (2) "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction"; (3) "the district court has dismissed all claims over which it has original jurisdiction," or (4) "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). However, even where at least one of the subsection 1367(c) factors is applicable, "a district court should not decline to exercise supplemental jurisdiction unless it also determines that doing so would not promote . . . economy, convenience, fairness, and comity." *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 214 (2d Cir. 2004).

Defendants primarily argue that Section 1367(c)(3) applies. (*See* Dkt. No. 45-1, at 5–6, 8; Dkt. No. 48, at 5 (arguing that "courts have not hesitated to dismiss state-law claims involving one party where all federal claims relating to that party have been dismissed")). However, the Court has not "dismissed all claims over which it has original jurisdiction" because C.P.'s Fourteenth Amendment claim remains. So long as the Court retains original jurisdiction over

C.P.'s federal claim, the dismissal of all of D.B.'s federal claims is insufficient to trigger the Court's discretion under Section 1367(c)(3). "Subsection (c)(3) requires that *all* claims over which [a court] has original jurisdiction must have been dismissed before a district court may rely on that provision as a basis for dismissing the supplemental claims. This refers to all claims in the case, not just those claims asserted against a particular defendant." 15A Moore's Federal Practice—Civil § 106.66[1] (2022); *Oladokun v. Ryan*, No. 06-cv-2330, 2011 WL 4471882, at *11, 2011 U.S. Dist. LEXIS 109638, at *30–32 (S.D.N.Y. Sept. 27, 2011) (finding that the terms of Section 1367(c)(3) were not met because a federal claim against one defendant remained before the court); *Blair v. Soap Lake Natural Spa & Resort, LLC*, No. 19-cv-83, 2020 WL 1856190, at *2, 2020 U.S. Dist. LEXIS 64487, at *6 (E.D. Wash. Apr. 13, 2020) (finding that Section 1367(c)(3) was not implicated where, "even though [one plaintiff] has withdrawn her federal claim, there remain claims over which the Court has original jurisdiction").

Defendants have not argued that any of the other factors in Section 1367(c) applies in this case. Because the parties have not briefed these factors, the Court declines to consider them now and will elect to exercise supplemental jurisdiction over D.B.'s state-law claims.[2]

## IV.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendants' motion to dismiss all claims asserted by Plaintiff D.B. (Dkt. No. 45) is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 19, 2022
       Syracuse, New York

Brenda K. Sannes
U.S. District Judge

---

[2] Because the Court does not find that one of the subsection 1367(c) factors applies, the Court need not address the parties' arguments regarding whether declining to exercise supplemental jurisdiction over D.B.'s state-law claims would promote the values of economy, convenience, fairness, and comity.